# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RAFIULLAH RAFHAT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>ROYAL LOUNGE LLC, and AHMAD HUSSAIN,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-1008<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Rafiullah Rafhat's Motion for Default Judgment (the "Motion") (Dkt. #11). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a lawsuit that arises out of Defendants' alleged failure to pay Plaintiff overtime wages he was due (*See* Dkt. #1). By his Motion, Plaintiff seeks a default judgment against Defendants in the amount of $51,562.50, plus an equal amount as liquidated damages, for a total of $103,125.00 (Dkt. #11 at p. 1; Dkt. #11-1; Dkt. #11-2). Additionally, Plaintiff seeks an award of attorney's fees in the amount of $3,575.00 and costs in the amount of $595.00, for a total of $4,170.00 (Dkt. #11 at p. 1; Dkt. #11-3). The Court will grant Plaintiff the relief he seeks.

Plaintiff filed his Original Complaint on November 13, 2024 against Defendants Royal Lounge LLC ("Royal Lounge") and Ahmad Hussain ("Hussain") (Dkt. #1). Plaintiff served Defendant Hussain on November 16, 2024 and Defendant Royal Lounge on December 2, 2024 with a Summons and copy of the Complaint (*See* Dkt. #4). Defendant Hussain's deadline for filing

and serving an Answer or Motion to Dismiss was December 9, 2024, and Defendant Royal Lounge's deadline for filing and serving an Answer or Motion to Dismiss was December 23, 2024 (Dkt. #11 at p. 2). *See* FED. R. CIV. P. 12(a). Defendants have not filed or served an Answer or Motion to Dismiss, nor have they appeared otherwise.

On January 22, 2025, the Clerk entered Default against Defendants (Dkt. #8). On July 2, 2026, Plaintiff filed the present Motion along with Declarations by Plaintiff and Plaintiff's counsel and Plaintiff's Damage Calculations (Dkt. #11; Dkt. #11-1; Dkt. #11-2; Dkt. #11-3).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55; *New York Life Ins.*, 84 F.3d at 141.

Furthermore, Rule 55(b)(2) grants a district court great latitude, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A defendant, by his default, admits a plaintiff's well pleaded allegations of fact, except regarding damages. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th

Cir. 1987). Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Typically, damages are not awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Joe Hand Promotions, Inc. v. Mickey's Sports Bar & Grill, LLC*, No. 3:17-CV-1312, 2018 WL 3039256, at *2 (N.D. Tex. May 8, 2018), *report and recommendation adopted*, 2018 WL 3038510 (N.D. Tex. June 19, 2018) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS

The Court finds that Plaintiff is entitled to a default judgment against Defendants. Defendants have failed to timely answer or otherwise appear after service was properly executed on them (Dkt. #4). Because of that failure, Plaintiff obtained an entry of default in its favor on January 22, 2025 (Dkt. #8). Plaintiff has therefore satisfied the first two requirements for a default judgment—the only remaining issue is whether a default judgment should be entered. *New York Life Ins. Co.*, 84 F.3d at 141. To answer this question, courts in the Fifth Circuit make use of a three-part analysis: (1) whether entry of default judgment is procedurally warranted, (2) whether there is a sufficient basis in the pleadings for the judgment based on the substantive merits of the claims, and (3) what form of relief, if any, a plaintiff should receive. *See, e.g.*, *Alvarado Martinez v. Eltman*

*Law, P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020); *Griffin v. O'Brien, Wexler, & Associates, LLC*, 680 F. Supp. 3d 772, 780 (E.D. Tex. 2023).

## I. Whether an Entry of Default Judgment is Procedurally Warranted

The Court must first determine whether a default judgment is procedurally warranted. The Fifth Circuit recognizes six factors relevant to this particular inquiry:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)

While Plaintiff does not directly argue that these factors—or any factors at all—support its position that default judgment is procedurally warranted (*See* Dkt. #11), the Court, after reviewing the Motion and the record, finds that default judgment is procedurally warranted.

First, when a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Here, because Defendants failed to respond to Plaintiff's allegations, there are no disputed issues of material fact (*See* Dkt. #11; Dkt. #11-1). *See Lindsey*, 161 F.3d at 893.

Second, Plaintiff has been substantially prejudiced because Defendants have been nonresponsive since they were first served nearly two years ago, on November 16, 2024 and December 2, 2024 (Dkt. #4). This failure to respond "threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893).

Third, the grounds for default judgment are clearly established. A default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a). As indicated above, Plaintiff effectuated service of process on Defendants nearly two years ago (Dkt. #4). As of the date of this Memorandum Opinion and Order, Defendants have not answered or filed any responsive pleadings. As such, the grounds for default are "clearly established" because the Defendants' failure to respond is "plainly willful, as reflected by [their] failure to respond either to the summons and complaint, the entry of default, or the motion for default." *Holladay v. OTA Training, LLC*, No. 3:14-CV-519, 2015 WL 5916440, at *2 (N.D. Tex. Oct. 8, 2015) (quotation modified) (quoting *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011)); *see also Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017).

Fourth, nothing in the record provides evidence that Defendants' lack of response is due to good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893.

Fifth, default judgment would not be harsh or result in substantial prejudice to Defendants. As relevant here, a defendant's "failure to file any responsive pleading or motion mitigates the harshness of a default judgment." *Wearable Shoe Tree, LLC v. Does 1-601*, No. 4:24-CV-334, 2025 WL 872524, at *3 (E.D. Tex. Mar. 20, 2025) (quotation modified) (quoting *Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016), *report and recommendation adopted*, 2016 WL 3855257 (E.D. Tex. July 15, 2016)). Furthermore, any "harshness of the default judgment is warranted because [Plaintiff] seeks damages to which they are entitled." *Id.*

Sixth, there are no facts in the record which might lead the Court to believe good cause is present to set aside the default. As a result, the Court determines that the default judgment is procedurally warranted in this instance. *See Lindsey*, 161 F.3d at 893.

## II. Whether there is a Basis for Default Judgment in the Pleadings

Having established that default judgment is procedurally warranted, the Court must determine if a sufficient basis for the default judgment is present in the pleadings. At this stage, while Defendants are deemed to have admitted the allegations of the complaint, the Court must nevertheless review the pleadings to determine whether the complaint itself presents a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206. The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 498 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff sues Defendants for only one cause of action: Fair Labor Standards Act ("FLSA") Overtime Violation (Dkt. #1 at ¶¶ 27–30). Plaintiff alleges that Defendants violated sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206–07, 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees (Dkt. #1 at ¶ 27). Plaintiff

also alleges that because Defendant Royal Lounge LLC did not make a good faith effort to comply with the requirements of 29 U.S.C. § 260, Plaintiff is entitled to liquidated damages (Dkt. #1 at ¶ 29). Further, Plaintiff alleges that Defendants "knowingly, willfully, or with reckless disregard carried out [an] illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff . . ." (Dkt. #1 at ¶ 23).

The FLSA requires that employers pay covered employees at a rate of at least one and one-half times their regular rate for the hours an employee works in excess of a forty-hour workweek. *See* 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege facts sufficient to show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). The Fifth Circuit has explained that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (citations omitted). "To determine whether a person or corporation is an employer under the FLSA, courts in the Fifth Circuit examine the totality of the employment relationship in light of 'economic realities.'" *Ho v. Xpress Pho, LLC*, No. 3:14-CV-533, 2015 WL 1810339, at *3 (N.D. Tex. Apr. 20, 2015) (citing *Williams v. Henagan*, 595 F.3d 610, 620

(5th Cir. 2010)). "The 'economic reality' test includes inquiries into whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). "Under the economic reality test, a corporate officer may be an employer within the meaning of the FLSA (and thus jointly and severally liable along with the corporation) if he or she exercises managerial responsibilities and substantial control of the terms and conditions of the employer's work." *Ho*, 2015 WL 1810339, at *3 (quotation modified) (citing *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984)).

Here, Plaintiff alleges that he worked for Defendants from July 2023 to July 2024 (Dkt. #11-1 at ¶ 3), that Royal Lounge was the FLSA employer (Dkt. #1 at ¶¶ 3–4, 10–12), and that Hussain was an "owner of substantial interests in Royal Lounge, served as an officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of employees' work . . . ," (Dkt. #1 at ¶¶ 5, 12; Dkt. #11-1 at ¶ 3) which would make him a joint employer with Royal Lounge under the FLSA. *See Watson*, 909 F.2d at 1553. Plaintiff has alleged sufficient facts to demonstrate an employer-employee relationship under the FLSA.

An employee is covered by the overtime provisions of the FLSA when he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1993). The FLSA defines an enterprise as one that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii).

Here, Plaintiff alleges that Defendants operate a restaurant and are an enterprise engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (Dkt. #1 at ¶ 10). Plaintiff also alleges that Defendants have had and currently have an annual gross volume of sales made or business done of not less than $500,000 (Dkt. #1 at ¶ 10, 12). Plaintiff has alleged sufficient facts to establish enterprise coverage under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(i)–(ii).

Finally, Plaintiff also alleges that when he worked for Defendants between July 2023 and July 2024, his average hourly rate was $31.25 for forty hours per week with no pay for any hours over forty per week (or a weekly salary of $1,250), and the average number of hours he worked per week was sixty (60) hours with no overtime pay "for [the] hours worked in excess of forty per week as required by the FLSA" (Dkt. #11-1 at ¶¶ 6–9, 12–13). Plaintiff claims that Defendants "knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation . . . with respect to Plaintiff" (Dkt. #1 at ¶ 23).

Based on these allegations, his evidence and Declaration (*See* Dkt. #1; Dkt. #11; Dkt. #11-1), Plaintiff has established that Defendants willfully violated the FLSA and is entitled to default judgment on his claims for unpaid overtime wages under the FLSA.

## III. Form of Relief

Plaintiff's Motion seeks to recover unpaid overtime and liquidated damages of $103,125.00 from Defendants (Dkt. #11 at pp. 1, 4; Dkt. #11-1 at ¶ 14; Dkt. #11-2). Plaintiff's Motion also seeks

attorney's fees of $3,575.00 and costs of $595.00 for a total of $4,170.00 (Dkt. #11 at pp. 1, 4; Dkt. #11-3).

In awarding relief, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). The relief requested in Plaintiff's complaint limits the relief available in a default judgment. *Montoya Garcia v. Overnight Cleanse, LLC*, No. 3:18-CV-3386, 2021 WL 902494, at *5 (N.D. Tex. Jan. 22, 2021), *report and recommendation adopted*, 2021 WL 1012146 (N.D. Tex. Mar. 9, 2021) (citing *Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975)). While damages are not typically awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc.*, 2018 WL 3039256, at *2 (citations omitted). Plaintiff has the burden to provide an evidentiary basis for the damages he seeks. *Montoya*, 2021 902494, at *5 (citation omitted). The Court now determine whether the relief requested is appropriate based on governing law. *Id.* (citation omitted).

**A. Overtime Wages**

The first component of Plaintiff's damages consists of unpaid overtime wages. His Declaration and accompanying chart reflect that he worked twenty (20) hours per week from July 2023 through July 2024 for a total of nearly 1,100 hours on which he is owed $51,562.50 (Dkt. #11-2).[1] Therefore, Plaintiff has pleaded an entitlement to an unpaid overtime wages.

[1] Plaintiff's regular hourly rate was $31.25 (Dkt. #11-1 at ¶¶ 8–9; Dkt. #11-2). Therefore, using the one-and-a-half times calculation rate for overtime, Plaintiff's overtime hourly rate would have been $46.88 (Dkt. #11-2).

**B. Liquidated Damages**

Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for an additional equal amount as liquidated damages. *Singer v. City of Waco*, 324 F.3d 813, 822 (5th Cir. 2003); 29 U.S.C. § 216(b). Although this award is discretionary, Defendants' failure to appear necessarily means they failed to meet their burden to show that liquidated damages are unwarranted. *See D'Costa v. Abacus FoodMart Inc.*, No. 4:21-CV-4031, 2023 WL 1094019, at *5 (S.D. Tex. Jan. 26, 2023), *report and recommendation adopted*, 2023 WL 2088424 (S.D. Tex. Feb. 13, 2023) (citing *Singer*, 324 F.3d at 822–23).

Here, Plaintiff's claimed overtime wages equal $51,562.50 (Dkt. #11-1 at ¶ 14; Dkt. #11-2). The Court finds that he should recover an equal sum of $51,562.50 as liquidated damages for a total of $103,125.00. *See* 29 U.S.C. § 216(b).

**C. Attorney's Fees and Costs**

Plaintiff also seeks attorney's fees totaling $3,575.00 under 29 U.S.C. § 216(b) (Dkt. #11 at p. 1; Dkt. #11-3 at p. 2). This award is mandatory if the employee establishes a violation of the FLSA. *Id.*

In the Fifth Circuit, attorneys' fees are calculated using the lodestar method. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citations omitted). Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process. *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) (citations omitted).

First, the lodestar is calculated by multiplying "the number of hours reasonably expended by an appropriate hourly rate." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 573 (5th Cir. 2020) (citation omitted). A reasonable hourly rate is the "prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skills, experience, and reputation."

*McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant legal market is "the community where the district court sits." *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). The lodestar is presumptively reasonable. *See Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016).

The party seeking attorneys' fees "must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Fessler v. Porcelana Corona De Mex., S.A. DE C.V.*, 23 F.4th 408, 415–16 (5th Cir. 2022) (explaining that "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). Using this time as a benchmark, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins*, 7 F.3d at 457. (citations omitted). The hours surviving this vetting process are "those reasonably expended under the litigation." *Id.*

Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* Factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client of the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."
> *Id.* at 717–19.

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within

the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation modified). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *See Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted).

In Plaintiff's Motion and his counsel's declaration, Plaintiff does not explain the reasonableness of either his counsel's fee or the amount of hours worked (*See* Dkt. #11; Dkt. #11-3). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett,* 285 F.3d at 368. A court, however, may also use its own expertise and judgment to independently assess the reasonableness of attorneys' hourly rates. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("[T]rial courts are considered experts as to the reasonableness of attorneys' fees."). Here, the Court will use its own judgment to independently assess the reasonableness of Plaintiff's attorney's fees request.

The Court finds that Plaintiff's counsel's hourly rate of $500 is reasonable. Other courts have found an attorney's fee award of around $4,000 for a FLSA case with a default judgment to be reasonable. *See, e.g.*, *Ruiz v. DNC Constr.*, No. 22-CV-1888, 2023 WL 159772, at *4 (S.D. Tex. Jan. 11, 2023) ($6,900.00); *Chappie v. Energi Pros LLC*, No. 19-CV-4456, 2020 WL 3978398, at *3 (S.D. Tex. June 10, 2020), *report and recommendation adopted*, 2020 WL 3972533 (S.D. Tex. July 14, 2020) ($11,485.00); *Platter v. G Force Cement Works, LLC*, No. 19-CV-2012, 2020 WL 1308171,

at *4 (S.D. Tex. Mar. 16, 2020) ($2,432.50); *Constant v. A Place for Children, Inc.*, No. 15-CV-2781, 2017 WL 713848, at *3 (S.D. Tex. Feb. 23, 2017) ($5,650.00). Plaintiff's counsel billed 6.25 hours working on the case while his paralegal billed 5.0 hours at a rate of $90 per hour—a rate which the Court also finds reasonable (Dkt. #11-3 at p. 2). The Court finds a total of 11.25 hours billed by Plaintiff's counsel is reasonable for this case, and no deductions for billing judgment are necessary. Looking at the *Johnson* factors, the Court also finds that no adjustment to the lodestar figure is necessary. Therefore, Plaintiff is entitled $3,575.00 in attorney's fees.

**D. Costs**

Plaintiff also asks for $595.00 in litigation costs (Dkt. #11 at p. 1; Dkt. #11-3 at p. 2). In FLSA cases, the only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless "explicit statutory or contractual authorization" provides for recovery of others. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quotation omitted). Plaintiff seeks recovery of the $405.00 filing fee and $190.00 in serving Defendants (Dkt. #11-3). Because the statute authorizes recovery of the filing fee, it will be awarded here. 28 U.S.C. § 1920(5). The $190.00 fee for serving Defendants, though, will not be awarded. "Absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)). Plaintiff has not demonstrated that exceptional circumstances exist to warrant such an award. Therefore, Plaintiff is entitled to $405.00 in litigation costs.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Rafiullah Rafhat's Motion for Default Judgment (Dkt. #11) is hereby **GRANTED**. Default judgment should be entered against Defendants, jointly

and severally, and in favor of Plaintiff in the total amount of $107,105.00, which consists of $103,125.00 in damages; $3,575.00 in attorney's fees; and $405.00 in court costs.

The Court will issue a separate order as required by FED. R. CIV. P. 58(a).

**IT IS SO ORDERED.**

**SIGNED this 5th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE